**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES KNIGHT PUMPHREY, :
: Civil Action No. 08-5680 (JAP)
 Plaintiff, :
:
:
 v. : **OPINION**
:
MERCER COUNTY PROSECUTOR'S :
OFFICE, :
:
 Defendant. :

**APPEARANCES**:

    JAMES KNIGHT PUMPHREY, Plaintiff pro se
    272920B/620432
    C.R.A.F.
    P.O. Box 7450
    West Trenton, New Jersey 08628

**PISANO**, District Judge

Plaintiff James Knight Pumphrey, currently confined at the C.R.A.F. in West Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.[1]

---

[1] This Court accepts plaintiff's IFP application submitted with his earlier filed action, Pumphrey v. Pereksta, et al.,

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I. BACKGROUND

Plaintiff, James Knight Pumphrey ("Pumphrey"), brings this civil rights action against the Mercer County Prosecutor's Office, alleging that no criminal charges were ever filed by the Mercer County Prosecutor's Office against a certain Trenton Police Department officer who beat plaintiff while he was handcuffed on January 1, 2005.  Pumphrey states that the incident of police brutality was investigated by the Trenton Police Department's Internal Affairs.  Plaintiff had to be taken to the hospital and he alleges that he still has scarring from the incident.  (Complaint, ¶ 6).

Pumphrey alleges that Internal Affairs told him that he would have to wait until after the officer was prosecuted before he could file civil suit against the officer for damages.  He claims that the Prosecutor's Office, by not prosecuting the

---

Civil No. 08-5679 (MLC), which was filed on the same day as this action.

officer, essentially condoned the officer's conduct and protected the officer from judicial action.  He seeks money damages against the Prosecutor's Office in the amount of $20 million.  He also asks that he be permitted to file a civil action against the officer.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court

must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting

Case 3:08-cv-05680-JAP-JJH   Document 2   Filed 11/25/08   Page 5 of 7 PageID: 14

Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Pumphrey brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

5

>    Constitution and laws, shall be liable to the party
>    injured in an action at law, suit in equity, or other
>    proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

In this Complaint, plaintiff seeks to recover money damages based on the inaction of the state prosecutor in failing to bring criminal charges against a police officer, as opposed to any alleged misconduct on the part of the prosecutor during any criminal prosecution.  This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983. See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  See also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987).

Therefore, this Complaint should be dismissed with prejudice, in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). To the extent that plaintiff is asking leave to file a lawsuit against the police officer, which civil action would now be time-barred, he must bring a separate Complaint against the police officer and plead grounds for equitable tolling.

## V. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate order follows. Accordingly, this case is closed.

/s/ JOEL A. PISANO
United States District Judge

Dated: November 25, 2008

7